```
 1  A. Douglas Mastroianni (State Bar No. 150438)
    mastroiannilaw@yahoo.com
 2  Mastroianni Law Firm
    633 West Fifth Street
 3  28th Floor
    Los Angeles, California 90071
 4  Telephone: (213) 223-2246
    Fax: (213) 223-2247
 5
    Attorney for Plaintiff Pamela Anderson
 6
```

FILED
11 MAR 23 AM 10: 32
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: ___

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA ANDERSON,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>PANORAMA TOWERS III, LLC;<br>HALLIER PROPERTIES, LLC; LAURENCE HALLIER,<br><br>　　　　Defendants. | Case No: CV11-02431 GHK (JCGx)<br><br>**COMPLAINT FOR BREACH OF WRITTEN CONTRACT AND FRAUD**<br><br>**DEMAND FOR JURY TRIAL** |

**Original Complaint**
1

## NATURE OF THIS ACTION

1. This is an action for breach of contract brought by the internationally famous actress and activist Pamela Anderson ("Anderson").

2. On or about February 27, 2006 Anderson entered into a written agreement with Hallier Properties, LLC and its "successors, subsidiaries, [and] affiliated entities. . ." Those successors, subsidiaries, and affiliated entities include, but may not be limited to, defendant Panorama Towers III, LLC.

3. Generally speaking, the written agreement between the parties required that Anderson promote real estate developments owned and managed by the defendants. Anderson's promotional activities occurred mostly in Los Angeles, California, but also in Las Vegas, Nevada and London, England.

4. The real estate development consisted of several condominium towers located on several adjacent lots near the Las Vegas Strip. Laurence Hallier, through his alter egos, the Hallier Companies, promoted the development.

5. Anderson has demanded the payment promised in the written agreement for her work but defendants have refused payment.

## THE PARTIES

6. Plaintiff Pamela Anderson is a resident and citizen of the State of California.

7. Plaintiff is informed and believes and thereon alleges that Defendants Panorama Towers III, LLC and Hallier Group Holdings, Inc. are Nevada corporations or limited liability companies whose members reside in Nevada and thus are citizens of the State of Nevada.

8. Laurence Hallier is an individual whose place of citizenship is Nevada. Laurence Hallier is the sole officer and director of Panorama Towers III, LLC and Hallier Group Holdings, Inc.

9. Panorama Towers III, LLC and Hallier Group Holdings, Inc. are alter egos of Laurence Hallier ("Hallier"). There is unity of interest between Hallier and Panorama Towers III, LLC and Hallier Group Holdings, Inc. such that their separate personalities do not exist. They have commingled funds and assets and Hallier has disregarded the formalities of the Panorama Towers III, LLC and Hallier Group Holdings, Inc. Hallier took funds from Panorama Towers III, LLC to make part payment to Plaintiff under the terms of the parties' agreement even though Defendant contends that the agreement was made only on behalf of Hallier Properties, LLC. Hallier Properties, LLC was, at all times relevant to the allegations of the Second Amended Complaint, inadequately capitalized when it entered into the agreement with plaintiff and could not meet its contractual obligations under the agreement.

10. Laurence Hallier is the sole or controlling officer and director of Panorama Towers III, LLC and Hallier Group Holdings, Inc.

11. At all times mentioned herein, the Defendants, and each of them, were the agents, employees, principals, subsidiaries, co-conspirators, joint venturers, partners and successors and/or predecessors of each of the other defendants and were at all times acting within the course and scope of said relationship, and each Defendant was fully aware of the conduct of the remaining Defendants, and all Defendants authorized, ratified, and approved the acts of each other.

12. Evidence of the Defendants' agency relationship is apparent in the manner in which Plaintiff was paid a portion of the amounts owed under the parties' agreement. Hallier Properties LLC was undercapitalized and was unable to make the initial $200,000 owed under the parties' agreement. In response, Laurence Hallier simply paid Plaintiff with a check drawn on an account for Panorama Towers III, LLC. This illustrates both that Panorama Towers III, LLC

was a joint-venturer or partner of Hallier Properties, LLC in contracting with Plaintiff, and that Panorama Towers III, LLC was an "affiliate" of Hallier Properties, LLC and, thus, a party to the agreement.

13. That Laurence Hallier could simply issue a check from Panorama Towers III, LLC for a debt ostensibly owed by Hallier Properties LLC also illustrates that Laurence Hallier was the alter ego of Hallier Properties, LLC and Panorama Towers III, LLC and that the purported formal distinction between Hallier, the individual, and these Hallier entities should be disregarded and that Laurence Hallier must be held personally liable under the parties' agreement.

## JURISDICTION AND VENUE

14. This court has "diversity jurisdiction" (28 USC §1332) over the subject matter of the action. Plaintiff is a citizen of California and plaintiff alleges, on information and belief, that all defendants are citizens of Nevada. Plaintiff's damages exceed $1,000,000.00. The court has personal jurisdiction over the defendants all of whom have minimum contacts with the state of California.

15. Venue is proper in the Central District of California since defendants solicited plaintiff to perform work for them in this District, negotiations between the parties occurred in this District, most of plaintiff's work required by the agreement was performed in this District, and a substantial part of the events and omissions giving rise to the claims occurred in this District.

## FIRST CLAIM FOR RELIEF

(Breach of Written Contract Against All Defendants)

16. Plaintiff incorporates as if fully set forth herein paragraphs 1- 15 above.

17. On or about February 26, 2006, the parties entered into a written

agreement. The agreement was signed by Anderson and Laurence Hallier on behalf of "Hallier Properties, LLC" though by its express terms the agreement was also with Laurence Hallier's affiliated companies, including each of the defendants. Under the terms of that agreement, Anderson was to promote the Panorama Towers developments by making public appearances in Las Vegas, Los Angeles, and London, England. [A true and correct copy of that agreement is attached as Exhibit "A" and incorporated herein.]

18. In exchange for plaintiff's promotional work on behalf of the defendants, plaintiff was to receive a payment of $200,000, a $10,000 professional services fee, then either a condominium in defendants' condo tower in Las Vegas, or a payment of $1,000,000.00. Plaintiff was to receive the cash payment if defendants had not completed construction of several towers before March 31, 2009. Construction of that tower was never completed.

19. At the time Laurence Hallier signed the agreement he was aware that Hallier Properties LLC did not have sufficient resources to pay Anderson the required compensation under the agreement.

20. In partial payment to plaintiff Laurence Hallier issued a check to Anderson for $200,000 for initial compensation owed to her under the terms of the parties' agreement. However, since Hallier Properties LLC was inadequately capitalized and could not satisfy the debt represented by the agreement with Anderson, the check issued to plaintiff was written on an account in the name of Panorama Towers, LLC. Laurence Hallier, as the sole signatory on that account, signed the check on behalf of Panorama Towers, LLC.

21. The payment to plaintiff by Panorama Towers, LLC illustrates that both Panorama Towers, LLC is an "affiliate" of Hallier Properties LLC as "affiliate" is understood under the terms of the parties' agreement and that Hallier exercises complete control over both Hallier Properties LLC and Panorama

Towers, LLC. The payment also illustrates that these Hallier-controlled companies are alter egos of Laurence Hallier.

22. Plaintiff has performed all conditions-precedent to obtaining compensation under the agreement. Although not contractually required before filing suit, plaintiff has made an informal demand for payment which the defendants ignored.

23. Defendants have refused to comply with the agreement and pay plaintiff the consideration promised for her promotional activities.

24. As a result of defendants' breach plaintiff has suffered damages of more than $1,000,000.00.

## SECOND CLAIM FOR RELIEF

(Fraud Against All Defendants)

25. Plaintiff incorporates as if fully set forth herein paragraphs 1- 24 above.

26. In order to induce plaintiff to enter into an agreement with the defendants, Laurence Hallier on behalf of himself and each of the Hallier Companies, represented to plaintiff that the Hallier entities were adequately capitalized to compensate plaintiff as required under the terms of the parties agreement.

27. Specifically at or near the time the agreement was entered into, plaintiff represented that the Hallier Companies could carry out the construction of the residential high-rise in which plaintiff was promised a unit or pay plaintiff $1,000,000.

28. Plaintiff reasonably relied on these representations in entering into the agreement with defendants, in performing the promotional work required under the agreement and in foregoing other gainful employment she could have taken but for

the fact that her schedule was occupied with work necessary to perform the requirements of the parties' agreement.

29. Defendants knew that their representations outlined in paragraph 27 above were false or they made them recklessly without having any reason to believe they were true. Defendants knew at the time that they hired plaintiff that they were not financially capable of completing construction of the high-rise tower in which plaintiff was promised a unit. Defendants also knew that they could not pay plaintiff the full compensation owed under the agreement.

30 Defendants representations were made at or near the time that negotiations were occurring over the parties' agreement and were made in phone conversations and email with plaintiff and her representatives.

31. As the result of defendants' fraudulent representations, plaintiff has been damaged in excess of $75,000.

32. An award of punitive damages is warranted because Defendants' conduct was done with a conscious disregard of plaintiff's rights. Defendants' conduct is and was despicable, and was done with the intent to vex, injure, or annoy plaintiff such as to constitute oppression, fraud, or malice under California *Civil Code* §3294. Defendants' conduct was and is oppressive, malicious, despicable and fraudulent. Defendants' oppression, fraud or malice was undertaken personally by, or with the advance knowledge, ratification, conscious disregard, authorization, or ratification of, Defendants' officers, directors, or managing agents.

### PRAYER

Plaintiff prays for judgment as follows:

1. For damages in the amount owed under the agreement;
2. For punitive damages under the Second Claim;
3. For all costs of suit incurred;

---

Original Complaint
7

4. For contractual attorneys fees as prevailing party;
5. For pre-judgment interest;
6. For such other relief as the court deems just and proper.

Dated: March 21, 2011         MASTROIANNI LAW FIRM

                              By: _____
                                  A. Douglas Mastroianni
                                  for Pamela Anderson

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.

Dated: March 21, 2011         MASTROIANNI LAW FIRM

                              By: _____  A.
                                  Douglas Mastroianni
                                  for Pamela Anderson

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge George King and the assigned discovery Magistrate Judge is Jay C. Gandhi.

The case number on all documents filed with the Court should read as follows:

### CV11- 2431 GHK (JCGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

============================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | | |
|---|---|---|
| Pamela Anderson | ) | |
| *Plaintiff* | ) ) ) | |
| v. | ) | Civil Action No. CV11-02431 GHK (JCGx) |
| Panorama Towers III, LLC; Hallier Properties, LLC; Laurence Hallier | ) ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Panorama Towers III, LLC; Hallier Properties, LLC; Laurence Hallier

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   A. Douglas Mastroianni, 633 W. 5th Street, 28th Floor, Los Angeles, CA 90071

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: MAR 2 3 2011

JULIE PRADO  [SEAL]

*Signature of Clerk or Deputy Clerk*

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Pamela Anderson | Panorama Towers III, LLC; Hallier Properties, LLC; Laurence Hallier |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Mastroianni Law Firm, 633 W. 5th St., 28th Floor, Los Angeles, CA 90071. | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $1,000,000 plus fees and interest

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Breach of contract and fraud

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | **BANKRUPTCY** | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | |
| ☐ 810 Selective Service | | | **CIVIL RIGHTS** | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | | ☐ 830 Patent |
| | | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | | ☐ 443 Housing/Accommodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☒ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus-Alien Detainee | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

CV11-02431

FOR OFFICE USE ONLY:   Case Number: _____
AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                                     CIVIL COVER SHEET                                     Page 1 of 2

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☒ Yes
If yes, list case number(s): CV09-08323

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)
☒ A. Arise from the same or closely related transactions, happenings, or events; or
☒ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☒ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, **and** one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☒ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Clark County, Nevada |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _[signature]_   Date March 21, 2011

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |